My name is Stella Lai. I'm here on behalf of the petitioner, Florentino Servin, and I would like to reserve a couple minutes for rebuttal. I don't want to reiterate all the other issues that other counsels have raised. However, I do want to make a big distinction here concerning the penal codes that we're dealing with. My client, the petitioner, was convicted of Penal Code 243, mandatory on a spouse. He pushed his wife. However, within the Penal Code, we don't believe that the definition of 243 falls within crime of violence as it is set forth under Title 18, Section 16A, which requires physical force. Now, this Court has held that the physical force needs to be violent in nature. For instance, in U.S. v. Belize, the Court has held the physical force referred by the Federal Statute of Title 18, Section 16A, it's not merely de minimis. Same thing, it was held in Singh v. Ashcroft that the crime of violence for the Federal Statute must be violent in nature, likely to cause bodily harm. In reference to Penal Code 243, as the Court is aware of, it's a sentence enhancement statute. The substantive offense is still battery. Now, California law has defined battery as simple touching. No doubt forced. But this really is what we've basically been over. And I think what would be most useful is the application to this case with regard to the modified categorical approach. Okay. Unless you have anything to add to the legal analysis that we've already discussed at some length. Well, I want to make the distinction between the California Penal Code when there's 273.5, where there's an infliction of corporate injury. That could be de minimis crime of violence. Oh, but the others weren't infliction of that. The others ended up being batteries. Right. And so they're not, they were not, you know, if anyone was here on an infliction of corporal injury on a spouse, they don't have that argument. Okay. That's why I think the battery we're looking at, it's a divisible statute. The substantive offense is still the battery. So we're saying it's still the minimal touching. Based on that alone, it doesn't meet the crime of violence conviction definition. So because of that, we are not saying, we're saying that Penal Code 243 is not crime of violence. Therefore, my petitioner would have been eligible for cancellation as a non-legal permit. To get to the modified categorical, here again, we do know that it was battery against a former spouse. So there's not an issue on the modified categorical with respect to the domestic relationship. Right. What about the violence? The violence here, he pushed her. Well, same thing. First of all, what do we know from the recognized documents? What's on the record? He was charged? On the certified docket sheets, he was charged as a violation of 243. Right. Does it say what he did? No, it doesn't. Does it anywhere on any official documents say what he did? I believe in the complaint, he does say that he pushed her, or in the police report, which was submitted. The police report is not a cognizable document. What about in the complaint? Did he plead to the complaint? I don't believe so, Your Honor. No, did he plead to what he was charged with? Yes. Okay. Which is the complaint? So what does the complaint say? Battery on a spouse. It was an infliction of corporate injury. It doesn't get more specific in terms of, does it say, like, sometimes it will say, on such and such a date, he pushed so-and-so, or something along those lines. What does the complaint say? Is the complaint in the record? I don't believe so. No, I don't think the complaint is in the record. I don't believe the complaint was submitted to the record. We do have the docket sheet, which the charge was 243 in the penal code. I believe the police report was submitted with the record, but I don't believe the complaint was. Then another of my argument is that for we would like to make a distinction on that battery on a police officer is a crime of violence, as the government has relied on U.S. v. Robinson. We believe that case could be distinguished because in that case it dealt with a felony battery conviction, and also it dealt with the sentencing guidelines to sentence a defender as a criminal offender. Well, here's the thing. The police report, if it's admissible, and that's a big if, what the police report says is he pushed his wife in the chest, knocking her backwards, and causing her to hit a head against the bathroom wall. If that were admissible, you're done. All right? So that's the if. That's violence. But in terms of the violence here, we're talking about the force. That's violence. You're not going to win on that. It's whether the police report's admissible or not. Okay. I served my time. Thank you very much. Your Honors, for the record, my name is still Margaret K. Taylor. Now, you haven't had a chance to argue yourself about the crime of violence issue, so if you have anything to add, we'll be happy to hear it. I certainly do, Your Honor, but embedded in that question is an assumption that the Court has jurisdiction to reach that issue in this case. And why don't we? You don't have jurisdiction because there was no timely petition for review filed regarding the denial of cancellation. The question is whether or not there was legal error committed by the denial of the petition for reconsideration. I think it was, wasn't it? The legal question that is legitimately before the Court is whether the Board abused its discretion when it denied the motion for reconsideration, and the Board denied the motion for reconsideration because that motion did not raise new issues of fact or law. And that is the question that is legitimately before the Court. What if it was wrong? What if the Board was wrong in its decision and the motion for reconsideration asserted that, and the Board denies the motion? Well, I think it still would not be proper for the Court to reach back because the motion for reconsideration is not addressed at all in the Petitioner's brief. So that issue is waived. So there's a waiver of the only issue before the Court, and there's no jurisdiction as to all the issues that the Petitioner raises. So basically you're reading, and you may be right, you're reading the – sometimes when the Board denies the motion to reconsider, we understand them to be essentially re-deciding the legal issues, like the Ma case and others, in the way they phrase their denial. Sometimes they say, we've looked at it and we still think X, at which point we regard that as essentially having reconsidered, and we then review it. But in this instance, the argument – your argument, as I understand it, is they didn't do that. They said the Respondent has not provided adequate new information, errors law, and so on. So that all they were saying was there's nothing new. That's right, Your Honor. And that we don't – we only review on the question, if at all, as to whether there was anything new, but not as to the merits. What you would review on that question is whether the Board abused its discretion when – In deciding that there was nothing new. Right. And nothing else. Right. So what the Court would look at is to see whether, indeed, the motion to reconsider replicated what the Petitioner filed in the appeal to the Board. And if they're the same, then the Board didn't abuse its discretion when it said they're the same. There's a relatively new opinion that has something to do with this. I don't know if you've seen it. That has to do with what the nature of our jurisdiction is on a motion to reopen, a motion to reconsider, probably consistent with your argument. I could certainly 28J it, but I'm not ready to address it right now, Your Honor. But to get back to your question about violence, even though I don't think it's properly before the Court in this case, I do have had some further thoughts listening to the series of cases, and possibly it might help with the others. May I proceed? That's fine. There are a couple of cases that I think inform the question of whether domestic battery was filed. One of them is cited in the government-said Veen brief. It's Gunnell v. Metrocolor Laboratories, which is, of course, not an immigration case. But the question in this case was basically whether employees who were subject to chemicals, if there had been a battery. This is a California case. And in discussing this, the Court said about battery, although the, let's see, let me go back a bit. Battery is any willful and unlawful use of force or violence upon the person of another. A battery cannot be accomplished without touching the victim, which, of course, was pertinent to this case, because it was chemicals, not for one person touching the other. And then regarding violence, it says, although the force used need not be violent or severe and need not cause pain or bodily harm, some force or violence must be used for a battery to occur. Battery requires a violent injury or the least touching defined as any wrongful act committed by means of physical force against the person of another. So according to this decision, when they were distinguishing the chemical company's possible battery versus the kind of battery we're talking about, the Court read into that that battery does involve some kind of violence. And they were at least touching the victim again. Then this time I think I might have Fernando Ruiz right. That one also talked about domestic battery in the context of violence. And again, but of course that decision has been vacated, but it might inform the Court further on the question of violence. But as concerns the Cervin case, I think the Court just does not have jurisdiction to reach the conclusion that this is not a timely petition. Thank you very much. Counsel, do you want to address the jurisdictional question? Your Honor, it's our position that this Court has jurisdiction because in Cervin's brief, we raised legal questions, purely legal questions in terms of how Penal Code 243 should be interpreted. Well, that's true, but the question is whether you were supposed to have raised them at review, in a petition for review from the original decision, because the motion to reconsider, the denial of the motion to reconsider simply says you didn't say anything new, and that's why we're denying the motion to reconsider. They didn't reconsider the legal issues, and so we, the argument is don't have jurisdiction to consider them either. Now, what's wrong with that position? Well, the problem with that is that the first denial from the Board, it simply affirmed without an opinion the results of the decision bill. Therefore, I am uncertain whether the Board actually reviewed my brief. In addition, I filed a motion to reconsider. Well, we do that every day, and we review them every day, so that can't be right. I specifically cite in the motion to reconsider that the Board reviews one of its own cases in which it decided that infliction of corporate injury with Penal Code 273.5 still renders the petition eligible for cancellation. In that case, it totally contradicts my, the issue that I have with the petition. But in your argument, you did raise something new. I did raise something new. I wanted to make sure to look at it to create some sort of uniformity. They don't address that in their motion to, in their ruling on the motion to reconsider. Well, they say in the motion there was nothing new asserted, and you had not shown any errors of law by the I.J. Right, that's it. You assert you have shown an error of law. I do.  Because with the second decision, the denial of the motion to reconsider, the Board simply cited Mario Garcia-Hernandez. However, that was the reason why I did the motion to reconsider. How can they deem an applicant applying for cancellation who has a conviction for Penal Code 273.5, crime of violence, still eligible for cancellation under 212 as an admissibility ground, when my petitioner has a separate conviction, different conviction, and yet he is rendered ineligible? That was the sole reason I went back to the Board for the Board to look at that issue and address that issue, and I was hoping for that. The Board's decision says that the cases cited on appeal by the Respondent were also contained in the Respondent's appeal brief and were before and considered by the Board. You're saying that's not so? They were the same cases that were cited in my first appeals brief. Right. So it wasn't new. This case you were citing about 273.5 was not a new case. You had cited it the first time. I had cited it the first time, but I wanted to make sure that the Board did look at it because it's contradicting in terms of its holdings and treatment on the different types of the Penal Codes at issue.  Thank you, Your Honor. Thank you, counsel. It's been a long day with the related cases. We thank all counsel for your assistance, and we will recess until tomorrow. Thank you.
judges: Thompson, Berzon, Callahan